No. 10,058.

COULTER *v.* BARNES.

Decided April 3, 1922.

Action in damages for libel. Judgment of dismissal.

*Affirmed.*

1. LIBEL—*Insanity.* The publication of an article stating that a person had been recommitted to the insane asylum, does not falsely impute insanity, and is not libel *per se.*

2.     *Pleading—Special Damages.*  Where the libel is not one *per se*, the plaintiff must allege special damages.

*Error to the District Court of Larimer County, Hon. George H. Bradfield, Judge.*

Mr. O. A. ERDMAN, for plaintiff in error.

Mr. AB. H. ROMANS, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for libel. The cause was dismissed, following the sustaining of a demurrer to the replication, and plaintiff brings the cause here for review.

The facts admitted in the pleadings are as follows: The defendant is the publisher of a newspaper. On November 21, 1919, he published, in his newspaper, the following article of and concerning the plaintiff:

"HOWARD COULTER SENT BACK TO ASYLUM.

"At a hearing in Fort Collins today, before a lunacy com-mission, Howard Coulter was recommitted to the State Asylum for Insane at Pueblo. Dr. Delehanty, an expert alienist, was called in to assist in the examination."

In 1918 there was an insanity inquisition with reference to the plaintiff, and terminated in a judgment ordering his commitment to the insane asylum. He was there confined for several months, and then paroled and given in charge of a relative. On November 21, 1919, a lunacy commission, which was appointed upon plaintiff's petition therefor, de-termined that plaintiff was not restored to reason but was then insane and was subject to the order of commitment entered as a result of the original adjudication.

So far as the published article, alleged to be libelous, im-putes insanity to plaintiff, if it does so at all, it is justified by the truth, since there was, in fact, a hearing before a lunacy commission, and the commission determined that plaintiff was insane.

The falsity of the article lies in its assertion that the commission re-committed plaintiff to the insane asylum, and this is not libel *per se*. It does not falsely impute insanity. Plaintiff insists that the article implies that there was a final adjudication, and is false for the reason that he was later declared sane by a jury. If so, it still was not libelous *per se*. It is not apparent that plaintiff would be libeled by a statement to the effect that the lunacy commission's finding was final.

Where the libel is not one *per se*, the plaintiff must allege special damages. 25 Cyc. 454. In the instant case no special damages are alleged, and for that reason there was no prejudicial error in dismissing the action.

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.